NO. 07-06-0259-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 26, 2006
_____

FRANKIE ALVAREZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. A-3944-0504; HON. ROBERT W. KINKAID, JR., PRESIDING
_____

*Order of Dismissal*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Frankie Alvarez, appeals his conviction for deadly conduct.  We dismiss the proceeding for lack of jurisdiction.

The record before us discloses that sentence was imposed upon appellant in open court on March 20, 2006.  Thus, he had until April 19, 2006, to either file a notice of appeal or a motion for new trial and thereby extend the deadline to file a notice of appeal.  *See* TEX. R. APP. P. 26.2(a) (discussing the deadlines by which one must perfect an appeal).

The record discloses that his motion for new trial was filed on April 20, 2006, and notice of appeal on June 20, 2006. Given this, appellant's effort to perfect an appeal was untimely. Moreover, this circumstance was made known to appellant by letter from this court dated July 13, 2006. In that letter, appellant and his counsel were also given opportunity to respond. No response has been received to date.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, then we can take no action other than to dismiss the proceeding. *Id.* at 523. Appellant's notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.[1]

Brian Quinn
Chief Justice

Do not publish.

---

[1]Permission to perfect an untimely appeal may be sought through art. 11.07 of the Texas Code of Criminal Procedure.